**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PRO PUBLICA, INC. | |
| Plaintiff, | |
| v. | No. 1:16-cv-02462-RC |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS | |
| Defendant. | |
| PRO PUBLICA, INC. and VIRGINIAN-PILOT MEDIA COMPANIES, LLC | |
| Plaintiffs, | |
| v. | No. 1:17-cv-00124-RC |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS | |
| Defendant. | |

**PLAINTIFFS' RESPONSE TO
VA'S NOTICE REGARDING THE COURT'S MARCH 24, 2017 ORDER** [1]

By its Notice on April 24, 2017 that "VA is unable to provide a status report that conforms to the Court's [March 24, 2017] order," [2] VA made it abundantly clear that we have reached an inflection point in these FOIA litigations:

- Plaintiffs' motions for preliminary injunction were fully briefed and ready for disposition over two months ago;

- the two FOIA requests in case no. 17-124 have been pending for **716 days** (since May 12, 2015) and **604 days** (since September 1, 2015) seeking records on Agent Orange and dioxin, and its effects on veterans and/or their offspring;

---

[1] This response is being filed in each of case nos. 16-2462 and 17-124.

[2] The Order required VA to file a status report setting forth, with respect to each portion of Plaintiffs' FOIA requests: (1) progress responding thereto; (2) a concrete proposed schedule for completing the processing; and (3) a detailed description of the resources available therefor.

- the FOIA request in 16-2462 has been pending for **331 days** (since May 31, 2016) seeking correspondence between VA's consultant Alvin L. Young and various VA officials, as well as VA's contracts involving Young;

- the Complaints in case nos. 16-2462 and 17-124 were filed many months ago, on December 16, 2016 and January 19, 2017, respectively;

- VA unilaterally granted itself an indefinite delay to respond to the Complaints;

- VA has made three paltry productions since these two lawsuits were commenced, only one of which occurred in the last six weeks (today);[3] and

- VA has made myriad hollow commitments (as discussed below).

VA has exploited the Court's patience to the substantial detriment of Plaintiffs, such that Plaintiffs have continued to suffer irreparable injury during the many months since the Complaints were filed. These FOIA requests and these cases have been handled by VA with an unacceptable and inexplicable degree of delay, utter dysfunction, and unsubstantiated excuses. While Plaintiffs appreciate the Court's attempts to resolve matters without the need for injunctive relief, Plaintiffs have seen little tangible progress in these two lawsuits.

VA is in contempt of Court, having *twice* failed to provide Court-ordered information. During a February 24, 2017 hearing, the Court ordered VA to provide a "concrete plan" for its document productions no later than March 10, 2017. VA failed to do so. The Court gave VA one more chance (and one more month) during the status conference on March 24, 2017:

> . . . I want a concrete proposal of preferably pages per month that [VA] thinks they can make and a justification for that concrete proposal. . . .
>
> \*   \*   \*
>
> . . . You're not giving me the information that I need. If in 30 days when we come back here we're still in the same place and the agency is still saying, "We got to play it by ear," that is not going to work, and [the Court] will come up with [its own concrete plan].

---

[3] The three document productions (on March 10, March 17, and April 26, 2017) together *totaled* about 186 documents, many of which were substantially redacted.

**Preliminary injunctive relief is entirely appropriate and indeed is necessary to preserve the integrity of the judicial process.** The current posture of these two actions is a problem of VA's own creation, and Plaintiffs are suffering irreparable injury as VA continues to flail. "Although [an] agency may desire to keep FOIA requests bottled up in limbo for months or years on end, the statute simply does not countenance such a system." *Citizens for Responsibility & Ethics in Wash. ("CREW") v. FEC*, 711 F.3d 180, 186-87 (D.C. Cir. 2013). "'[U]nreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses.'" *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988), quoting *Long v. IRS*, 693 F.2d 907, 910 (9th Cir. 1982).

Plaintiffs urge the Court to issue preliminary injunctions as sought in both case no. 17-124 (*see* ECF No. 4) and case no. 16-2462 (*see* ECF No. 15). The FOIA statute requires that "each agency, upon any request for records . . . shall make the records *promptly* available to any person." *See* 5 U.S.C. § 552(a)(3)(A). There simply is no reasonable interpretation of the statute under which VA can be found to have provided such prompt processing for the three FOIA requests at issue in these cases. Given the time that has elapsed since Plaintiffs' motions were filed, Plaintiffs hereby modify the orders sought from the Court as follows and as set forth in the proposed order filed concurrently herewith to require:

- VA shall not apply a "cut-off date" for its searches for responsive records any earlier than the date the Complaint was filed with respect to a particular FOIA request, and VA shall indicate any such date(s) to Plaintiffs in writing;

- all responsive, non-exempt records related to Dr. Shulkin shall be produced no later than May 26, 2017 (four weeks after the upcoming April 27, 2017 status conference); and

- all other responsive, non-exempt records shall be produced no later than June 9, 2017 (six weeks after the upcoming April 27, 2017 hearing).

Rolling productions are not appropriate, given the circumstances surrounding VA's inaction with respect to these FOIA requests.  **To be clear, Plaintiffs urge the Court to set a date-certain by which VA's document productions must be completed.**

VA has dragged its feet long enough.  Other federal agencies, when confronted with workflow and capacity problems, have engaged outside contractors to assist with FOIA matters.[4] If VA cannot discharge its statutory FOIA responsibilities with its present personnel, then it must find another way just like other federal agencies.  VA cannot continue with impunity as it misses court-imposed deadline after deadline.

*VA Clearly Has NOT Prioritized the FOIA Requests at Issue.*  Nearly three months ago, the Director of VA's FOIA Service executed a Declaration representing that "[a]ll components recognize the urgency of this matter, and have pushed this FOIA matter to the front of their queue . . . to ensure that no further unnecessary delays occur and that the documents are reviewed and processed for release promptly."  *See* ECF No. 17-1 (Feb. 3, 2017) in case no. 17-124, Horan Decl. at ¶ 11.  Two months ago, the Director of VA's Office of Privacy Information and Identity Protection ("PIIP") executed a Declaration representing that "[a]ll involved [VA] offices recognize the urgency of this matter, and have pushed this FOIA matter to the front of their queue . . . to ensure that no further unnecessary delays occur and that the documents are reviewed and processed for release promptly."  *See* ECF No. 17-1 (Feb. 14, 2017) in case no. 16-

---

[4] This has long been the case.  *See, e.g., FOIA Post (2004): The Use of Contractors in FOIA Administration*, Office of Information Policy, DOJ (July 29, 2004), available at https://www.justice.gov/oip/blog/foia-post-2004-use-contractors-foia-administration ("the use of contractors has become an increasingly significant part of the administration of the Freedom of Information Act at growing numbers of federal agencies" including "the Department of Defense, the Department of Homeland Security ('DHS'), the Pension Benefit Guaranty Corporation ('PBGC'), the Department of State, the Department of the Interior, the National Security Agency ('NSA'), the Department of Energy, the Department of Transportation, and the Department of Justice's Executive Office for United States Attorneys").

2462, Buck Decl. at ¶ 9.   Unfortunately, no interpretation of the term "promptly" could encompass the inexplicable delays that have plagued the processing of these FOIA requests.

**_VA's Three Token Document Productions to Date Have Been Limited to VHA._**   As can be seen from the table filed herewith as Exhibit 1, VHA is <u>not</u> the only VA component responsible for conducting searches and producing responsive, non-exempt documents.   Other VA components tasked with providing responses include: the Veterans Benefits Administration ("VBA"), the Office of Congressional and Legislative Affairs ("OCLA"), the Office of the Secretary of Veterans Affairs ("OSVA"), and the Office of Enterprise Integration ("OEI"), formerly the Office of Policy and Planning ("OPP").   Yet only VHA has produced documents. VBA has not produced **_any_** documents during the <u>716 days</u> that FOIA requests have been pending, yet VBA has been tasked with producing responsive records from numerous document custodians including Thomas Murphy, Allison Hickey, James Sampsel, Brad Flohr, Janice Jacobs, and John Spinelli.  *See, e.g.*, ECF No. 1-2 & ECF No. 21-1 at ¶ 105 in case no. 17-124.

**_Responsive Records from Dr. Shulkin Have Not Been Timely Produced._**   A month ago, during the status conference on March 24, 2017, counsel for VA represented:

> The VA has been continuing to focus on the e-mails for Dr. Shulkin and is making good progress there.   There are two requests that relate to Dr. Shulkin's e-mails.   There's the request asking for correspondence between he and the third party Alvin Young, and since that was a little bit more of a narrow request, they made the most progress there.   **_The VA estimated as of yesterday that they can finish those e-mails, around 6,300 of those, within the week. We made very good progress there.   We expect to make a production, finishing that request within the next week._**
>
> *   *   *
>
> On the other request, there are about 13,000 e-mails more, generally relating to Agent Orange, for Dr. Shulkin over a more lengthy period of time, and the VA has been having difficulty getting those e-mails all loaded up into the review system.   **_They_**

*haven't as of today been able to apply the search terms that are necessary to limit those e-mails.*

(Emphasis added).  VA has not yet produced *any* of these emails.[5]

*Responsive Records for Tracking No. 15-05014-F (VHA) Have Not Been Timely Produced.*  VA represented in a March 10, 2017 declaration from the Director of its FOIA Service that VHA "is prioritizing [15-05014-F], and estimates that [its FOIA officer] can review 300 files per week for responsiveness and release determination."  *See* ECF No. 21-1 (Mar. 10, 2017) in case no. 17-124, Horan Decl. at ¶ 29.  Taking VA at its word, on March 24, 2017, the Court ordered in part that VA "shall process 1200 files per month concerning Request 15-05014-F (VHA) until it has processed all potentially responsive records, beginning by processing 1200 files between the date of this order and *April 24, 2017*."  (Emphasis added).  On April 26, 2017 VHA emailed a transmittal letter to Plaintiffs' counsel instead producing only **72** documents.

*The Parties' Meet-and-Confer Was Revealing.*  During a one hour telephone conference on April 5, 2017 between Plaintiffs' counsel, VA's counsel, and the AUSA handling these cases, VA sought to narrow the potential scope of its searches for responsive documents *in connection with VHA's FOIA tracking no. 15-05014-F*.  However, VA expressed uncertainty concerning the capabilities of its Veritas / Clearwell eDiscovery software with respect to applying multiple search terms to each potentially responsive record.[6]  VA committed to investigate and inform Plaintiffs whether the software could be used in such a manner, but Plaintiffs' counsel has yet to

---

[5] VA's April 26, 2017 transmittal letter for its third document production notes that its production of **72** documents is to follow by courier.  The letter makes no mention of whether Dr. Shulkin's emails are among those documents.

[6] For example, is it possible with VA's Veritas / Clearwell eDiscovery software to conduct a search such as: [("Agent Orange" or "AO" or "A.O." or dioxin!) and (family! or families! or offspring! or child! or kid! or descendent! or descendant! or generation!)] (with the "!" covering all further portions of a truncated term)?  Plaintiffs' counsel understands that such narrowing is only being sought by VA with respect to FOIA tracking no. 15-05014-F.

receive a response to that question.  Nevertheless, Plaintiffs already provided search terms to VA on March 17, March 24, and April 4, 2017.   *See, e.g.*, Exhibit 1.  Plaintiffs also separately informed the AUSA that they are not willing to narrow the search terms for the following document custodians: David J. Shulkin; Han K. Kang; and Michael Peterson.

As for the other document custodians, Plaintiffs expressed a willingness to consider narrowing the searches conducted by VA for tracking no. 15-05014-F depending on VA's answer concerning the capabilities of its software, and only on an individual custodian basis depending on the number of potentially responsive documents identified for a given custodian with respect to the terms "Agent Orange" and "dioxin."

From the meet-and-confer, it also was apparent to Plaintiffs' counsel that each of the VA components conduct their own searches, which has led to inconsistent searching among the components, and that the VA components have varying degrees of skill sets with respect to using VA's eDiscovery software to review documents and narrow searches.

In conclusion, the subject FOIA requests concern matters of intense public interest.  The longer that VA drags its feet, the more veterans who were exposed to Agent Orange (and their offspring) will die before the facts sought by Plaintiffs are brought to light.

Dated:  April 26, 2017                 Respectfully submitted,

/s/ Seth A. Watkins
Seth A. Watkins (D.C. Bar # 467470)
    Email:  watkins@adduci.com
Giang T. Ton-that (D.C. Bar # 1031035)
    Email: ton-that@adduci.com
ADDUCI, MASTRIANI & SCHAUMBERG LLP
1133 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 407-8647
Facsimile: (202) 466-2006

*Attorneys for Plaintiffs Pro Publica, Inc. and*
*Virginian-Pilot Media Companies, LLC*